378 F.3d 1129
 STUDENTS FOR A CONSERVATIVE AMERICA; Matthew Cox; Colleen McLaughlin; Dan Burkhart, Plaintiffs-Appellants,
v.
M.R.C. GREENWOOD, in her official capacity as Chancellor of the University of California Santa Cruz (UCSC); Francisco Hernandez, in his official capacity as Vice Chancellor of Student Affairs at UCSC; Matthew Jones, in his official capacity as Chair of the UCSC Student Union Assembly (SUA) & member of the SUA Elections Commission; Sharhonda Bossier, in her official capacity as UCSC SUA Elections Commissioner; Susie Vilayvanh, in her official capacity as UCSC SUA Elections Commissioner, Defendants-Appellees.
 No. 03-15199.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 2004.
 Filed August 11, 2004.
 
 Appeal from the United States District Court for the Northern District of California; James Ware, District Judge, Presiding. D.C. No. CV-02-04940-JW.
 James Bopp, Jr., Bopp, Coleson & Bostrom, Terre Haute, IN, for the plaintiffs-appellants.
 Christopher M. Patti, University of California, Oakland, CA, for the defendants-appellees.
 Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.
 SCHROEDER, Chief Judge:
 
 
 1
 Unsuccessful candidates for student government positions at the University of California, Santa Cruz ("UCSC") and a student organization, of which the candidates are members, challenged specific provisions of the University's election code on First Amendment grounds. The district court held that it lacked the authority to order a new election because the defendants, various University officials, were entitled to Eleventh Amendment immunity. The district court dismissed the remaining claims as moot because the defendants had removed the challenged provisions from the election code. We affirm.
 
 
 2
 This appeal arises out of a dispute over the rules that governed the Spring 2002 election to the Student Union Assembly ("SUA"), a student government body at the UCSC. The plaintiffs and appellants are three students and a student organization. The students, Matthew Cox, Colleen McLaughlin, and Dan Burkhart, were unsuccessful candidates for SUA positions. The students were also members of the student organization, Students for a Conservative America.
 
 
 3
 In October of 2002, the plaintiffs sued members of UCSC's administration, officers of SUA, SUA's election commissioners, and several Doe defendants under 42 U.S.C. § 1983 alleging that two provisions of the election code violated the First Amendment. The challenged provisions were (1) a spending limit and (2) a slate prohibition, barring any candidate's advertisement that mentioned another candidate. The plaintiffs also claimed that their Fourteenth Amendment rights were violated because SUA held a meeting to consider whether the plaintiffs had violated the election code without giving the plaintiffs notice and an opportunity to be heard. Their complaint sought a declaration that the challenged provisions were unconstitutional, an injunction barring their application in future elections, a court order requiring a new election, and a court order requiring the university to expunge any records of election code violations from the plaintiffs' academic files.
 
 
 4
 The district court denied the plaintiffs' request for an order requiring a new election. The court held that the Eleventh Amendment precluded such relief. It is undisputed that because the defendants were all sued in their official capacities as officers of the University of California, they are entitled to Eleventh Amendment immunity. See Ex parte Young, 209 U.S. 123, 159-60, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The only contested issue is whether the request for a new election falls within the exception to a State's Eleventh Amendment immunity that applies when a state official is sued for prospective injunctive relief. See Edelman v. Jordan, 415 U.S. 651, 664-66, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Bennett v. Yoshina, 140 F.3d 1218, 1224 (9th Cir.1998).
 
 
 5
 We agree with the district court that the Eleventh Amendment precludes granting the plaintiffs' request for a new election because it is not a request for prospective relief. Its purpose is to undo the results of an election that has already been given effect.
 
 
 6
 We also agree with the district court that revisions of the election code have mooted the plaintiffs' requests that the district court declare the code provisions unconstitutional, enjoin application of the challenged code provisions in future elections, and order changes in the procedures for amending the election code and investigating violations of it. The challenged provisions are no longer in effect.
 
 
 7
 Shortly after this suit was filed in October 2002, the SUA withdrew the challenged provisions and instituted a new code without them. In December 2002, the SUA and the University entered into a memorandum of understanding, in which the defendants committed not to reenact the challenged provisions unless there was a change in federal law. The district court, in January 2003, granted the defendants' motion to dismiss because "UCSC officials have removed the challenged Code provisions and have committed not to enforce them in future elections." Shortly thereafter, the SUA refined the language of the code to clarify the changes that were originally made in October 2002.
 
 
 8
 Because the University has withdrawn the challenged provisions and committed not to reenact them unless federal law changes, these provisions will not be applied in future elections. The case is therefore moot because the plaintiffs are not suffering any ongoing injury and there is no reasonable expectation that the injury the plaintiffs suffered will recur. See Smith v. Univ. of Wash., Law School, 233 F.3d 1188, 1194 (9th Cir.2000).
 
 
 9
 We have said that when a challenged law is repealed or expires, a case becomes moot. Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1510 (9th Cir.1994). The plaintiffs nevertheless argue that we should apply the rule that a defendant's voluntary cessation of a challenged practice does not render a case moot unless the party asserting mootness meets the "heavy burden" of showing that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citations omitted). Even applying the stringent test the plaintiffs advocate, this request for future injunctive relief is moot because, by establishing that a new code will apply in future elections, the defendants met their burden of showing that the challenged provisions of the election code can have no future effect.
 
 
 10
 The plaintiffs also cite to cases where courts have held challenges to election procedures were not moot, even though the election was completed. See, e.g., Joyner v. Mofford, 706 F.2d 1523, 1527 (9th Cir.1983); Baldwin v. Redwood City, 540 F.2d 1360 (9th Cir.1976). These courts held that the claimed injury was capable of repetition but evading review because challenges to election procedure often cannot be heard before the election is completed. Joyner, 706 F.2d at 1527; Baldwin, 540 F.2d at 1364-65. These cases do not control this one. This case is moot not because the election has been completed, but because the challenged rules have been changed and will not apply in future elections.
 
 
 11
 The only remaining relief the plaintiffs seek is the expungement of any reference to election code violations from their school records. We are satisfied from the evidence that was before the district court that there are no records to expunge because the University did not keep records of election code violations.
 
 
 12
 The district court's order granting the defendants' motion to dismiss is AFFIRMED.